JOHN H. BLACKWELL *against* THE STATE.

ERROR *to Franklin Circuit Court.*

A sci. fa. on a recognizance is in the nature of an original action.  A sci. fa. on a judgment is sometimes, and for some purposes regarded as a continuation of the former suit.

In the latter case the circuit court has jurisdiction without regard to the amount in controversy.

A recognizance is a contract; and the circuit court has no jurisdiction in case of sci. fa. on a recognizance, unless the sum in controversy exceeds one hundred dollars.

This was a proceeding by sci. fa. on a recognizance. The writ of *scire facias* sued out in the name of the State, after reciting that "whereas, at the term of the circuit court of Franklin county, holden on the first Monday in March, 1839, Samuel Wakard, defendant in an indictment for larceny, being solemnly called, appeared not; it was considered by the court that the State of Arkansas have and recover of and from the said Wakard and Blackwell, the sum of seventy-five dollars each, as set forth in the recognizance," commanded the sheriff "to summons and the said Wakard and Blackwell to appear on the first day of our next circuit court to be holden in the town of Ozark, on the first Monday in September next, and show cause, if any they have, why such judgment should not be rendered final against them." At the time to which the writ was returnable, the plaintiff in error appeared, and, after craving oyer of the obligation mentioned in the writ, moved the court to dismiss and abate the suit, because the sum demanded was within the jurisdiction of a justice of the peace; and also, to quash the bond entered into by the plaintiff in error; but the court overruled the motion and entered up a decision in favor of the State, that she "have and recover of the said defendants seventy-five dollars each, the amount of said recognizance, and all costs by her, about her suit, in this behalf expended; and that execution issue for the same." The plaintiff in error then moved the court to arrest the judgment, on the ground that the sum in controversy was seventy-five dollars only, and not within the original jurisdiction of the court; which motion was also overruled.

BLACKBURN, for plaintiff in error:

The court ought to have sustained the motion of the defendant below to dismiss and abate the suit, because, first, the writ of scire facias was issued jointly against two persons, on two separate demands; second, because it lacked all the requisites of a scire facias in this, to wit: 1st, it set out no recognizance; 2d, it did not set the judgment forth *prout patet per recordum*; 3d, it did not require the sheriff to make known to the bail, &c.; 4th, it did not sufficiently specify the place to appear. 2 *Tidd's Practice*, 996. And lastly, the court, after overruling the defendant's motion, gave judgment against both principal and security, which, the plaintiff in error contends, was error; 1st, because there had not been any service at all on the said Wackard; 2d, the service on the said John, as appears by the sheriff's return, was by reading, which is not a sufficient service of a *scire facias*. It must be by copy. 2 *Tidd*, 1037; and 3d, there was no rule on the said John to plead over, after the overruling of his motion, as is required in all cases. 2 *Tidd*, 1041. The court giving judgment, not by *nil dicit*, as they were bound to have done, if the defendant was regularly in court, and failed to plead.

R. W. JOHNSON, Atto. Gen., *Contra.*

A scire facias is a judicial writ founded upon some matter of record, as judgments, recognizances, &c. (See Bacon's Abridgment, Title sci. fa.) and is a common law remedy peculiarly appropriate upon forfeiture of recognizance, though action of debt is a concurrent remedy. 1 *Chitty*, 104. That recognizance is entered into, *conditioned* for the delivery of the person of another at a certain time to abide his trial, and the judgment of the court upon a *charge of crime or misdemeanor*, cannot alter or affect the character of the obligation which is for the payment of a sum certain and is after the forfeiture, of such nature that its validity cannot be impeached by any supposed defect or illegality in the transaction on which it was founded; nor is any reference to the circumstances or consideration on which the record is founded, a matter of consequence. 1 *Chitty*, 354. By a forfeiture of the recognizance, a debt was created to the State, and although

41 ·

the recognizance may have originated in the progress of a criminal action, the nature of the subsequent right, perfected by the forfeiture can take no character from that fact, but must be regarded as all other rights arising from contract are regarded, and enforced as all such civil rights, being matter of record, are enforced.

It is clear that, by the common law, action of scire facias is a proper remedy upon every recognizance; (*Tidd's Practice*, 983 and '4); nor does this common law right conflict with, nor is it forbidden by, any statutory provision of the State of Arkansas; but, on the contrary, the remedy by scire facias has been expressly authorized, and, under certain restrictions, upon forfeitures of bail bonds on practice at law, R. S. (see *Rev. Stat.*, p. 197, sec. 31,) contemplates sci. fa. as the rightful remedy: A sci. fa. sets out the cause of action fully, and is in itself a writ of summons, and a declaration; and it has been the practice to issue such sci. fa. upon a recognizance adjudged to be forfeited. That the Court has authority to give judgment of forfeiture upon a recognizance, there can be no doubt.

RINGO, C. J., delivered the opinion of the court:

As to the question presented in regard to the legal sufficiency of the writ of *scire facias*, this case is clearly within the principles stated and acted upon by this Court, in the case of *Hicks vs. the State*, decided at the present term, between which and the present, as regards this question, there is a most singular and striking coincidence; the writ, in each case, presenting, in almost every respect, omissions and defects precisely similar: neither showing any right of action, or title to any execution whatever. Consequently, the Court erred in awarding execution thereupon against the plaintiff in error.

In regard to the second question, we conceive the rule to be too well established to be now questioned, that a scire facias upon a recognizance is always regarded as in the nature of an original action, while a scire facias upon a judgment is sometimes, and to some purposes, regarded as a continuation of a former suit: 2 *Saund.* 71, *n.* (4). In the latter case, the Circuit Court has jurisdiction, without regard to the sum in controversy. In the former, it cannot exercise original jurisdiction, unless the sum in controversy exceeds one hundred dollars,

because it cannot be denied that both judgments and recognizances are contracts, within the legal acceptation of that term, and, therefore, whenever any original action, or proceeding in the nature of an original action, is instituted on either, the party instituting such proceeding must of necessity resort to some tribunal or court competent to adjudicate upon the matter in controversy; and inasmuch as exclusive original jurisdiction, in all matters of contract (except actions of covenant) where the sum in controversy does not exceed one hundred dollars, is, by the Constitution of this State, conferred upon the justices of the peace, such proceeding must be commenced before a justice or justices of the peace. Such at least must be the case where the contract or matter in controversy is not embraced within the jurisdiction legitimately conferred by the Legislature upon any chancery or corporation court; and, as far as appears in this case, we think there can be no pretence that either of those courts has jurisdiction of the demand in controversy. As the writ does not demand a sum within the jurisdiction of the Circuit Court, the motion to arrest the judgment ought, for this cause, as well as for the insufficiency of the writ, to have been sustained. The judgment is reversed.